## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

FOURWINDS CONDOMINIUM )
ASSOCIATION )
 )
    Plaintiffs, )
 )
v. ) CV-04-297
 )
FOURWINDS ASSOCIATES, LLC. )
COASTAL BUILDERS, JOHN CASE, )
RICK PHILLIPS, HENRY NORRIS, )
and ASSOCIATES, A, B, C, D, E, )
F, G, H, I, J, K, L, M, N, O, P, Q, )
R, S, T, U, and or V )
 )
    Defendants. )

**RECEIVED**

OCT 0 3 2005

**METROPOLITAN GLASS CO., INC.**

---

COASTAL BUILDERS, INC., )
 )
    Third Party Plaintiff, )
 )
v. )
 )
RODNEY G. BARNETT )
PLASTERING COMPANY; ARROW )
ALUMINUM INDUSTRIES, INC.; )
METROPOLITAN GLASS COMPANY, )
INC.; CPI COATINGS, INC.; )
ALLSOUTH SUBCONTRACTORS; )
NICHOLS CONCRETE EQUIPMENT )
COMPANY, INC.; ARCHITECTURAL )
RAILING SYSTEMS, INC. )
 )
    Third Party Defendants. )

### THIRD PARTY COMPLAINT

    COMES NOW, the Defendants/Third Party Plaintiffs, COASTAL BUILDERS,

CV-04-297
JLL File No. 05-020-AMH
Page 1 of 36

OCT 14 2005 16:47

EXHIBIT
**F**

INC., (hereinafter referred to as "Coastal Builders"), by and through undersigned counsel of record, and pursuant to Rule 14 (a) of the Alabama Rules of Civil Procedure alleges and states as follows:

## **PARTIES**

1.     Rodney G. Barnett Plastering Company, Inc. (hereinafter referred to as "Barnett Plastering") is upon information and belief a corporation incorporated in Alabama with its principle place of business in Alabama during the time of the events made the basis of this complaint:

2.     Metropolitan Glass Company, Inc. (hereinafter referred to as "Metro Glass") is upon information and belief a corporation incorporated in Alabama with its principle place of business in Alabama.

3.     Arrow Aluminum Industries, Inc. (hereinafter referred to as "Arrow") is upon information and belief a corporation incorporated in Tennessee doing business in Alabama.

4.     CPI Coatings, Inc. (hereinafter referred to as "CPI") is upon information and belief a corporation incorporated in Alabama with its principle place of business in Alabama.

5.     Allsouth Subcontractors (hereinafter referred to as "Allsouth") is upon information and belief a corporation incorporated in Alabama with its principle place of business in Alabama.

CV-04-297
JLL File No. 05-020-AMH
Page 2 of 36

6.   Nichols Concrete Equipment Company, Inc. (hereinafter referred to as "Nichols") is upon information and belief a corporation incorporated in Alabama doing business in Alabama.

7.   Architectural Railing Systems, Inc. (hereinafter referred to as "Architectural Railing") is upon information and belief a corporation incorporated in North Carolina doing business in Alabama.

## STATEMENT OF FACTS

8.   Coastal Builders entered into an agreement with Barnett Plastering to perform certain work including the installation of the stucco system on the Fourwinds Condominiums.

9.   Coastal Builders entered into an agreement with Metro Glass for the supply and installation of windows and sliding glass doors in the Fourwinds Condominiums.

10.   Coastal Builders used selected sliding glass doors and windows manufactured by Arrow for installation in Fourwinds Condominiums.

11.   Coastal Builders entered into an agreement with CPI for the supply and installation of painting and drywall in the Fourwinds Condominiums.

12.   Coastal Builders entered into an agreement with Allsouth for the supply and installation of the roof in the Fourwinds Condominiums.

13.   Coastal Builders entered into an agreement with Nichols for the

supply of concrete in the Fourwinds Condominiums.

14.   Coastal Builders entered into an agreement with Architectural Railing for the manufacture of railing in the Fourwinds Condominiums.

15.   The Plaintiff, Fourwinds Condominium Association, Inc., has filed suit against Coastal Builders, Inc. alleging that damage has occurred to the Fourwinds Condominium as a result of negligently supplied/installed windows and sliding glass doors by Metro Glass, negligently designed/manufactured windows and sliding glass doors manufactured by Arrow, negligently installed stucco system installed by Barnett Plastering, negligently installed paint and/or drywall finishing by CPI, negligently installed roofing by Allsouth, negligently manufactured concrete by Nichols, and/or negligently manufactured handrails and grouting materials by Architectural Railing.

## COUNT I

### BREACH OF CONTRACT-Metropolitan Glass Company, Inc.

16.   Coastal Builders re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

17.   During the construction of the Fourwinds Condominium, Coastal Builders entered into an agreement with Metro Glass under which Metro Glass agreed to provide windows and sliding glass doors for the condominium. Metro Glass held itself out as a confident and experienced installer.

CV-04-297
JLL File No. 05-020-AMH
Page 4 of 36

18.   If Fourwinds Condominium was damaged as alleged in the Plaintiff's complaint, then Metro Glass breached its contract with Coastal Builders in that: (A) Metro Glass failed to take proper precautions to insure that the windows and sliding glass doors; would not be penetrated by moisture; (B) Metro Glass delivered windows and sliding glass doors that failed to meet the generally accepted industry standards and requirements necessary for the construction of windows and sliding glass doors and did not comply with the warranties made by Metro Glass.

19.   In the event that Coastal is liable to the Plaintiff in any respect, which is denied, then such liability arose from the acts of Metro Glass and its breach of contract with Coastal Builders and therefore, Coastal Builders is entitled to be indemnified by Metro Glass.

WHEREFORE, Coastal Builders demands judgment against Metro Glass for an amount equal to Plaintiff's judgment, if any, plus attorneys fees, interest and costs.

## COUNT II

## BREACH OF WARRANTIES - Metropolitan Glass Company, Inc.

20.   Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

21.   The Agreement entered into by Metro Glass and Coastal contained

numerous express and implied warranties provided by Metro Glass, including, but

not limited to, the following:

    (a)    Windows and sliding glass doors would not allow water
intrusion;

    (b)    Metro Glass would take proper precautions to insure that the
windows and sliding glass doors would not be penetrated by
moisture;

    (c)    Metro Glass used windows and sliding glass doors that Metro
Glass knew were not susceptible to moisture penetration and
damage;

    (d)    Metro Glass supplied and installed windows and sliding glass
doors that would meet the requirements necessary for the
construction of windows and sliding glass doors and adequate
to comply with the warranties and recommendations made by
Metro Glass.

22.    Pursuant to the agreement between Metro Glass and Coastal, implied

warranties were provided by Metro Glass to Coastal that the windows and sliding

glass doors provided by Metro Glass would be merchantable and fit for their

particular purpose. At the time of the contract, Metro Glass had reason to know

the particular purpose for which the windows and sliding glass doors were

required and that Coastal was relying on Metro Glass for its skill and judgment

in selecting and furnishing windows and sliding glass doors.

23.    In the event that Coastal is liable to Plaintiff in any respect, which is

denied, then such liability arose from the acts of Metro Glass and its breach of

these express and implied warranties with regard to Coastal, and Coastal is

entitled to be indemnified by Metro Glass.

WHEREFORE, Coastal demands judgment against Metro Glass for an
amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and
costs.

### COUNT III

### NEGLIGENCE - Metropolitan Glass Company, Inc.

24.     Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

25.     Metro Glass negligently supplied and installed the windows and
sliding glass doors in the Plaintiff's condominium units. The negligence of Metro
Glass is a proximate cause of the Plaintiff's damages. Metro Glass was negligent
in that:

     (a)    Metro Glass failed to take proper precautions to insure that the
windows and sliding glass doors would not be penetrated by
moisture;

     (b)    Metro Glass failed to properly install the windows and sliding
glass doors in the condominium units;

     (c)    Metro Glass used windows and sliding glass doors that Metro
Glass knew or should have known was susceptible to moisture
intrusion.

26.     In the event that Coastal is liable to Plaintiff in any way, which is
denied, then any liability on the part of Coastal was passive and secondary while
the aforesaid negligence of Metro Glass was active and primary and therefore,

CV-04-297
JLL File No. 05-020-AMH
Page 7 of 36

Coastal is entitled to indemnification from Metro Glass.

WHEREFORE, Coastal demands judgment against Metro Glass

for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest

and costs.

### COUNT IV

### MISREPRESENTATION - Metropolitan Glass Company, Inc.

27.     Coastal re-alleges, as if fully set forth herein, each and every

allegation contained in the preceding paragraphs of this Third Party Complaint.

28.     Metro Glass made numerous representations including, but not

limited to, that the sliding glass doors and windows met all applicable codes and

standards and would not allow water intrusion.

29.     If the Plaintiff's allegations are true, the representations made by

Metro Glass were untrue and were misrepresentations of material facts.

30.     Metro Glass made these representations to induce Coastal to act

thereon and Coastal did, without knowledge of the falsity of Metro Glass

representations, directly or indirectly, justifiably and reasonably acted upon the

misrepresentations to its injury.

31.     As a result of the misrepresentations of material facts by Metro Glass,

Coastal, to their detriment, agreed to construct the Fourwinds Condominium with

windows and sliding glass doors supplied and installed by Metro Glass, which

CV-04-297
JLL File No. 05-020-AMH
Page 8 of 36

they would not have done had they been told the truth.

32.   In the event that Coastal is liable to Plaintiff in any respect, which is denied, then such liability arose from Metro Glass' misrepresentations, and Coastal is entitled to be indemnified by Metro Glass.

WHEREFORE, Coastal demands judgment against Metro Glass for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT V

### BREACH OF CONTRACT - Rodney G. Barnett Plastering Company

33.   Coastal realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

34.   During the construction of the condominium project, Barnett Plastering entered into a contract with Coastal, under which Barnett Plastering agreed to apply the stucco system and to provide advice and other services in connection with the cladding and construction of the condo. Barnett Plastering held itself out as a competent and experienced applicator and warranted that its work would be done in a proper and workmanlike manner in accordance with the standard of workmanlike quality prevailing at the time and place of construction.

35.   If the condominium units are damaged, as alleged in Plaintiff's complaint, then Barnett Plastering breached its contract with Coastal in that:

CV-04-297
JLL File No. 05-020-AMH
Page 9 of 36

(a)   Barnett Plastering failed to take proper precautions to insure
      that the stucco system not be penetrated by moisture;

(b)   Barnett Plastering failed to properly apply sealants and to warn
      Coastal as to the necessity of sealant applications;

(c)   Barnett Plastering failed to take proper precautions to make
      sure flashing would prevent water from damaging the
      condominium unit; and

(d)   Barnett Plastering failed to properly construct control joints,
      expansion joints and other aspects of the stucco system as
      alleged by the Plaintiff.

36.   In the event that Coastal is liable to Plaintiff in any respect, which is
denied, then such liability arose from the acts of Barnett Plastering and its breach
of contract with Coastal and therefore, Coastal is entitled to be indemnified by
Barnett Plastering.

WHEREFORE, Coastal demands judgment against Barnett Plastering for
an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and
costs.

**COUNT VI**

**BREACH OF WARRANTIES - Rodney G. Barnett Plastering Company**

37.   Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

38.   The Agreement entered into by Barnett Plastering and Coastal
contained numerous express and implied warranties provided by Barnett

Plastering, including, but not limited to, the following:

    (a)    All work related to Barnett would be completed in a workmanlike manner according to standard practices;

    (b)    Barnett Plastering was a specialist in stucco system applications;

    (c)    Barnett Plastering would take proper precautions to insure that the stucco system would not be penetrated by moisture;

    (d)    Barnett Plastering would properly apply sealants.

    (e)    Numerous other representations regarding Barnett Plastering's experience and expertise with stucco.

39.    Barnett Plastering made warranties pursuant to the agreement that all work would be performed in a good and workmanlike manner in accordance with the standard of workmanlike quality prevailing at the time and place of construction. Barnett breached these warranties.

40.    In the event that Coastal is liable to Plaintiff in any respect, which is denied, then such liability arose from the acts of Barnett Plastering and its breach of express and implied warranties with regard to Coastal and Plaintiff, and Coastal is entitled to be indemnified by Barnett Plastering.

WHEREFORE, Coastal demands judgment against Barnett Plastering for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

---

CV-04-297
JLL File No. 05-020-AMH
Page 11 of 36



## COUNT VII

### NEGLIGENCE - Rodney G. Barnett Plastering Company

41.    Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

42.    If the negligence of Coastal caused damages to Plaintiff's condominium, which is denied, then the negligence of Barnett Plastering was a proximate cause of those damages and superseded or joined and concurred with the negligence of Coastal in producing such damages. Barnett Plastering was negligent in that:

     (a)    Barnett Plastering failed to take proper precautions to insure that the stucco system would not be penetrated by moisture;

     (b)    Barnett Plastering failed to properly apply sealants and to warn Coastal as to the necessity of sealant applications;

     (c)    Barnett Plastering failed to take proper precautions to make sure flashing would prevent moisture from entering the Condominium unit; and

     (d)    Despite Barnett Plastering's claim of expertise as a stucco applicator, Barnett Plastering failed to install the stucco system in a proper manner to insure that it would be resistant to water penetration and would last for a lengthy and warrantable period of time.

43.    In the event that Coastal is liable to Plaintiff in any way, which is denied, then any liability on the part of Coastal was passive and secondary while the aforesaid negligence of Barnett Plastering was active and primary. Therefore,

CV-04-297
JLL File No. 05-020-AMH
Page 12 of 36



Coastal is entitled to indemnification from Barnett Plastering.

WHEREFORE, Coastal demands judgment against Barnett Plastering for
an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and
costs.

### COUNT VIII

### BREACH OF CONTRACT - Arrow Aluminum Industries, Inc.

44.     Coastal Builders re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

45.     During the construction of the Project, Arrow entered into a contract
with Metro Glass, under which Arrow agreed to supply the windows and sliding
glass doors for use at Fourwinds Condominiums.  Arrow held itself out as a
competent and experienced manufacturer of the windows and sliding glass doors.

46.     In the event that Coastal Builders is liable to Fourwinds
Condominium in any respect, which is denied, then such liability arose from the
acts and/or omissions of Arrow and its breach of contract with Metro Glass and
Coastal Builders is entitled to relief based on its status as a third party beneficiary
to the contract which exited between Metro Glass and Arrow.

WHEREFORE, Coastal Builders demands judgment against Arrow for an
amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and
costs.

CV-04-297
JLL File No. 05-020-AMH
Page 13 of 36

## COUNT IX

### BREACH OF IMPLIED WARRANTIES - Arrow Aluminum Industries, Inc.

47.    Coastal Builders re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

48.    Arrow impliedly warranted the fitness for a particular purpose and merchantability of the windows and sliding glass doors.

49.    Arrow breached the implied warranties by:

(a)    failing to perform all work related to windows and sliding glass doors on the Project in a workmanlike manner;

(b)    failure to provide all materials as specified, defective materials and/or materials not fit for this application;

(c)    failure to use only conforming goods and that the windows and sliding glass doors would be installed in conformity with the manufacturer's instructions and in such a manner as not to jeopardize the manufacturer's warranties.

50.    Pursuant to the agreement between Arrow and Metro Glass, Arrow warranted that the windows and sliding glass doors provided   would be merchantable and fit for their particular purpose. At the time of the contract, Arrow had reason to know the particular purpose for which the windows and sliding glass doors was required and that Coastal Builders was relying upon Arrow for its skill and judgment. In addition, Arrow made implied warranties pursuant to the agreement that all work would be performed in a good and workmanlike manner in accordance with the standard of workmanlike quality prevailing at the

CV-04-297
JLL File No. 05-020-AMH
Page 14 of 36

time and place of construction.

51.   Arrow was aware of the particular purpose for which such windows and sliding glass doors were intended and specifically Arrow was aware that Coastal Builders and others expected and needed the windows and sliding glass doors to prevent moisture intrusions.

52.   Arrow breached the implied warranty of fitness for a particular purpose in that the windows and sliding glass doors were not fit for the purpose for which the windows and sliding glass doors were used insofar as the windows and sliding glass doors were defective, were not weather nor water tight and permitted moisture intrusion that promoted damage.

53.   Arrow breached the implied warranty of merchantability in that the windows and sliding glass doors were defective and not fit for the ordinary purposes for which windows and sliding glass doors are used and would not pass without objection in the trade as adequate windows and sliding glass doors.

WHEREFORE, Coastal Builders demands judgment against Arrow for an amount excess this Court's jurisdiction plus attorney's fees, interest and costs and any other relief this Court deem appropriate.



## COUNT X

### BREACH OF EXPRESS WARRANTY - Arrow Aluminum Industries, Inc.

54.   Coastal Builders' re-alleges, as is fully set forth herein, each and every



allegation contained in the preceding paragraphs of this Third Party Complaint.

55.   Arrow provided a warranty to Metro Glass and/or Coastal Builders with respect to the windows and sliding glass doors installed on the Fourwinds Condominium.

56.   Arrow breached this warranty with respect to the windows and sliding glass doors in that the windows and doors leak and are apparently defective and not constructed and installed in accordance with the contract documents.

57.   As a direct and proximate result of the breaches of warranty by Arrow, Coastal Builders has been damaged.

WHEREFORE, Coastal Builders demands judgment against Arrow for an amount excess this Court's jurisdictional limit plus attorney's fees, interest and costs and any other relief this Honorable Court deems appropriate.

### COUNT XI

### MISREPRESENTATION - Arrow Aluminum Industries, Inc.

58.   Coastal Builders re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

59.   Arrow made numerous representations including, but not limited to, that the windows and sliding glass doors were effective and reliable for use in a residential condominium construction and would prevent the intrusion of moisture.

CV-04-297
JLL File No. 05-020-AMH
Page 16 of 36

60.   The representations made by Arrow were misrepresentations of material facts and were made either knowingly, without knowledge of their truth or falsity and/or Arrow should have known of their falsity.

61.   Arrow made these representations to induce Coastal Builders to act thereon and Coastal Builders did, without knowledge of the falsity of Arrow's representations, directly or indirectly, justifiably and reasonably act upon the misrepresentations to Coastal Builders' detriment.

WHEREFORE, Coastal Builders demands judgment against Arrow for an amount in excess of this Court's jurisdictional limits plus attorney's fees, interest and costs and any other remedy this Honorable Court deems appropriate.

### COUNT XII

### BREACH OF CONTRACT - CPI COATINGS, INC.

62.   Coastal Builders re-alleges, as is fully set forth herein, each and every allegation contained the preceding paragraphs of this Third Party Complaint.

63.   During the construction of the Fourwinds Condominium, Coastal Builders entered into an agreement with CPI, under which CPI agreed to install drywall finishing and perform painting at the condominium. CPI held itself out as a confident and experienced painter and installer of the drywall finishing.

64.   When Fourwinds Condominium was damaged as alleged in the Plaintiff's complaint, then CPI breached its contract with Coastal Builders in that

---

CV-04-297
JLL File No. 05-020-AMH
Page 17 of 36

CPI failed to take proper precautions to ensure that the paint and drywall finish would not be penetrated by moisture.

65.    In the event that Coastal Builders is liable to the Plaintiff in any aspect or in any respect, which is denied, then such liability arose from the acts of CPI and its breach of contract with Coastal Builders and therefore, Coastal Builders is entitled to be indemnified by CPI.

WHEREFORE, Coastal Builders demands judgment against CPI for an amount equal to the Plaintiff's judgment, if any, plus attorneys fees, interest, and costs.

**COUNT XIII**

**BREACH OF WARRANTIES/CPI COATINGS, INC.**

66.    Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

67.    The Agreement entered into by CPI and Coastal contained numerous express and implied warranties provided by CPI, including, but not limited to, the following:

(a)    Paint and drywall finishing would not allow water intrusion;

(b)    CPI would take proper precautions to insure that the paint and drywall finishing would not be penetrated by moisture;

(c)    CPI used paint and drywall finishing that CPI knew were not susceptible to moisture penetration and damage.

68.   Pursuant to the agreement between CPI and Coastal, implied warranties were provided by CPI to Coastal that the paint and drywall finishing provided by CPI would be merchantable and fit for its particular purpose.  At the time of the contract, CPI had reason to know the particular purpose for which the paint and drywall finishing were required and that Coastal was relying on CPI for its skill and judgment in selecting and furnishing paint and drywall finishing.

69.   In the event that Coastal is liable to Plaintiff in any respect, which is denied, then such liability arose from the acts of CPI and its breach of these express and implied warranties with regard to Coastal, and Coastal is entitled to be indemnified by CPI.

WHEREFORE, Coastal demands judgment against CPI for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

### COUNT XIII

### NEGLIGENCE - CPI Coatings, Inc.

70.   Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

71.   CPI negligently supplied and installed the paint and drywall finishing in the Plaintiff's condominium units.  The negligence of CPI is a proximate cause of the Plaintiff's damages.  CPI was negligent in that:

(a)   CPI failed to take proper precautions to ensure that the paint

and drywall finishing would not be penetrated by moisture;

(b)    CPI failed to properly install the paint and drywall finishing in
       the condominium units;

(c)    CPI used paint and drywall finishing that CPI knew or should
       have known was susceptible to moisture intrusion.

72.    In the event that Coastal is liable to Plaintiff in any way, which is
denied, then any liability on the part of Coastal was passive and secondary while
the aforesaid negligence of CPI was active and primary and therefore, Coastal is
entitled to indemnification from CPI.

WHEREFORE, Coastal demands judgment against CPI for an amount equal
to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

**COUNT XV**

### MISREPRESENTATION - CPI Coatings, Inc.

73.    Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

74.    CPI made numerous representations including, but not limited to,
that the paint and drywall finishing would not allow water intrusion.

75.    If the Plaintiff's allegations are true, the representations made by CPI
were untrue and were misrepresentations of material facts.

76.    CPI made these representations to induce Coastal to act thereon and

CV-04-297
JLL File No. 05-020-AMH
Page 20 of 36

Coastal did, without knowledge of the falsity of CPI representations, directly or indirectly, justifiably and reasonably acted upon the misrepresentations to its injury.

77.     As a result of the misrepresentations of material facts by CPI, Coastal, to their detriment, agreed to construct the Fourwinds Condominium with paint and drywall finishing supplied and installed by CPI, which they would not have done had they been told the truth.

78.     In the event that Coastal is liable to Plaintiff in any respect, which is denied, then such liability arose from CPI's misrepresentations, and Coastal is entitled to be indemnified by CPI.

WHEREFORE, Coastal demands judgment against CPI for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

### COUNT XVI

### BREACH OF CONTRACT - Allsouth Subcontractors, Inc.

79.     Coastal Builders re-alleges, as is fully set forth herein, each and every allegation contained the preceding paragraphs of this Third Party Complaint.

80.     During the construction of the Fourwinds Condominium, Coastal Builders entered into an agreement with Allsouth, under which Allsouth agreed to install the roof at the condominium. Allsouth held itself out as a confident and experienced installer of roofs.

CV-04-297
JLL File No. 05-020-AMH
Page 21 of 36

81.   When Fourwinds Condominium was damaged as alleged in the Plaintiffs complaint, then Allsouth breached its contract with Coastal Builders in that Allsouth failed to take proper precautions to ensure that the roof would not be penetrated by moisture.

82.   In the event that Coastal Builders is liable to the Plaintiff in any aspect or in any respect, which is denied, then such liability arose from the acts of Allsouth and its breach of contract with Coastal Builders and therefore, Coastal Builders is entitled to be indemnified by Allsouth.

WHEREFORE, Coastal Builders demands judgment against Allsouth for an amount equal to the Plaintiff's judgment, if any, plus attorneys fees, interest, and costs.

## COUNT XVII

## BREACH OF WARRANTIES - Allsouth Contractors, Inc.

83.   Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

84.   The Agreement entered into by Allsouth and Coastal contained numerous express and implied warranties provided by Allsouth, including, but not limited to, the following:

    (a)   Roof would not allow water intrusion;

    (b)   Allsouth would take proper precautions to insure that the roof would not be penetrated by moisture;

(c)   Allsouth used roof that Allsouth knew was not susceptible to
       moisture penetration and damage.

85.   Pursuant to the agreement between Allsouth and Coastal, implied
warranties were provided by Allsouth to Coastal that the roof provided by Allsouth
would be merchantable and fit for its particular purpose. At the time of the
contract, Allsouth had reason to know the particular purpose for which the roof
was required and that Coastal was relying on Allsouth for its skill and judgment
in selecting and furnishing the roof.

86.   In the event that Coastal is liable to Plaintiff in any respect, which is
denied, then such liability arose from the acts of Allsouth and its breach of these
express and implied warranties with regard to Coastal, and Coastal is entitled to
be indemnified by Allsouth.

WHEREFORE, Coastal demands judgment against Allsouth for an amount
equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT XVIII

### NEGLIGENCE - Allsouth Contractors, Inc.

87.   Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

88.   Allsouth negligently supplied and installed the roof on the Plaintiff's
condominium units. The negligence of Allsouth is a proximate cause of the

Plaintiff's damages, Allsouth was negligent in that:

  (a) Allsouth failed to take proper precautions to ensure that the roof would not be penetrated by moisture;

  (b) Allsouth failed to properly install the roof in the condominium;

  (c) . Allsouth used a roof that Allsouth knew or should have known was susceptible to moisture intrusion.

89. In the event that Coastal is liable to Plaintiff in any way, which is denied, then any liability on the part of Coastal was passive and secondary while the aforesaid negligence of Allsouth was active and primary and therefore, Coastal is entitled to indemnification from Allsouth.

WHEREFORE, Coastal demands judgment against Allsouth for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT XIX

## MISREPRESENTATION - Allsouth Contractors, Inc.

90. Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

91. Allsouth made numerous representations including, but not limited to, that the roof met all applicable codes and standards and would not allow water intrusion.

92. If the Plaintiff's allegations are true, the representations made by

Allsouth were untrue and were misrepresentations of material facts.

93.    Allsouth made these representations to induce Coastal to act thereon and Coastal did, without knowledge of the falsity of Allsouth representations, directly or indirectly, justifiably and reasonably acted upon the misrepresentations to its injury.

94.    As a result of the misrepresentations of material facts by Allsouth, Coastal, to their detriment, agreed to construct the Fourwinds Condominium with roof supplied and installed by Allsouth, which they would not have done had they been told the truth.

95.    In the event that Coastal is liable to Plaintiff in any respect, which is denied, then such liability arose from Allsouth's misrepresentations, and Coastal is entitled to be indemnified by Allsouth.

WHEREFORE, Coastal demands judgment against Allsouth for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT XX

### BREACH OF CONTRACT - Nichols Concrete Equipment Co., Inc.

96.    Coastal Builders re-alleges, as is fully set forth herein, each and every allegation contained the preceding paragraphs of this Third Party Complaint.

97.    During the construction of the Fourwinds Condominium, Coastal Builders entered into an agreement with Nichols, under which Nichols agreed to

CV-04-297
JLL File No. 05-020-AMH
Page 25 of 36

supply and manufacture concrete at the condominium. Nichols held itself out as a confident and experienced manufacturer of the concrete.

98.   When Fourwinds Condominium was damaged as alleged in the Plaintiffs complaint, then Nichols breached its contract with Coastal Builders in that Nichols failed to take proper precautions to ensure that the concrete would not crack or be penetrated by moisture.

99.   In the event that Coastal Builders is liable to the Plaintiff in any aspect or in any respect, which is denied, then such liability arose from the acts of Nichols and its breach of contract with Coastal Builders and therefore, Coastal Builders is entitled to be indemnified by Nichols.

WHEREFORE, Coastal Builders demands judgment against Nichols for an amount equal to the Plaintiff's judgment, if any, plus attorneys fees, interest, and costs.

### COUNT XXI

### BREACH OF WARRANTIES - Nichols Concrete Equipment Co., Inc.

100.   Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

101.   The Agreement entered into by Nichols and Coastal contained numerous express and implied warranties provided by Nichols, including, but not limited to, the following:

CV-04-297
JLL File No. 05-020-AMH
Page 26 of 36

(a)    Concrete would not crack or allow water intrusion;

(b)    Nichols would take proper precautions to insure that the
       concrete would not be penetrated by moisture;

(c)    Nichols used concrete that Nichols knew was not susceptible
       to moisture penetration, cracking and damage.

102.   Pursuant to the agreement between Nichols and Coastal, implied
warranties were provided by Nichols to Coastal that the concrete provided by
Nichols would be merchantable and fit for its particular purpose. At the time of
the contract, Nichols had reason to know the particular purpose for which the
concrete was required and that Coastal was relying on Nichols for its skill and
judgment in manufacturing the concrete.

103.   In the event that Coastal is liable to Plaintiff in any respect, which is
denied, then such liability arose from the acts of Nichols and its breach of these
express and implied warranties with regard to Coastal, and Coastal is entitled to
be indemnified by Nichols.

WHEREFORE, Coastal demands judgment against CPI for an amount equal
to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

### COUNT XXII

### NEGLIGENCE - Nichols Concrete Equipment Co., Inc.

104.   Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

105.   Nichols negligently manufactured the concrete in the Plaintiff's

CV-04-297
JLL File No. 05-020-AMH
Page 27 of 36

condominium units. The negligence of Nichols is a proximate cause of the
Plaintiff's damages. Nichols was negligent in that:

    (a)    Nichols failed to take proper precautions to ensure that the
concrete would not crack or be penetrated by moisture;

    (b)    Nichols failed to properly manufacture the concrete contained
the condominium units;

    (c)    Nichols manufactured concrete that Nichols knew or should
have known was susceptible to cracking and moisture
intrusion.

106. In the event that Coastal is liable to Plaintiff in any way, which is
denied, then any liability on the part of Coastal was passive and secondary while
the aforesaid negligence of Nichols was active and primary and therefore, Coastal
is entitled to indemnification from Nichols.

WHEREFORE, Coastal demands judgment against Nichols for an amount
equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

### COUNT XXIII

### MISREPRESENTATION - Nichols Concrete Equipment Co., Inc.

107. Coastal re-alleges, as if fully set forth herein, each and every
allegation contained in the preceding paragraphs of this Third Party Complaint.

108. Nichols made numerous representations including, but not limited to,
that the concrete met all applicable codes and standards and would not allow

Nichols Claimant.

water intrusion or cause of excessive cracking.

109.  If the Plaintiff's allegations are true, the representations made by
Nichols were untrue and were misrepresentations of material facts.

110.  Nichols made these representations to induce Coastal to act thereon
and Coastal did, without knowledge of the falsity of Nichols representations,
directly or indirectly, justifiably and reasonably acted upon the misrepresentations
to its injury.

111.  As a result of the misrepresentations of material facts by Nichols,
Coastal, to their detriment, agreed to construct the Fourwinds Condominium with
concrete manufactured and supplied by Nichols, which they would not have done
had they been told the truth.

112.  In the event that Coastal is liable to Plaintiff in any respect, which is
denied, then such liability arose from Nichols' misrepresentations, and Coastal is
entitled to be indemnified by Nichols.

WHEREFORE, Coastal demands judgment against Nichols for an amount
equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT XXIV

### BREACH OF CONTRACT -Architectural Railing Systems, Inc.

113.  Coastal Builders re-alleges, as is fully set forth herein, each and every
allegation contained the preceding paragraphs of this Third Party Complaint.

114.  During the construction of the Fourwinds Condominium, Coastal

CV-04-297
JLL File No. 05-020-AMH
Page 29 of 36

Builders entered into an agreement with Architectural Railing, under which Architectural Railing agreed to supply railing and grouting material for the condominium. Architectural Railing held itself out as a confident and experienced manufacturer of the railing and grouting materials.

115. When Fourwinds Condominium was damaged as alleged in the Plaintiffs complaint, then Architectural Railing breached its contract with Coastal Builders in that Architectural Railing failed to take proper precautions to ensure that the railing and grouting materials would not be penetrated by moisture.

116. In the event that Coastal Builders is liable to the Plaintiff in any aspect or in any respect, which is denied, then such liability arose from the acts of Architectural Railing and its breach of contract with Coastal Builders and therefore, Coastal Builders is entitled to be indemnified by Architectural Railing.

WHEREFORE, Coastal Builders demands judgment against Architectural Railings for an amount equal to the Plaintiff's judgment, if any, plus attorneys fees, interest, and costs.

### COUNT XXV

### BREACH OF WARRANTIES- Architectural Railing Systems, Inc.

117. Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

118. The Agreement entered into by Architectural Railing and Coastal contained numerous express and implied warranties provided by Architectural

CV-04-297
JLL File No. 05-020-AMH
Page 30 of 36

Railing, including, but not limited to, the following:

   (a)   Railing and grouting materials would not allow water intrusion;

   (b)   Architectural Railing would take proper precautions to ensure
         that the railing and grout materials would not be penetrated by
         moisture;

   (c)   Architectural Railing used railing and grouting materials that
         Architectural Railing knew were not susceptible to moisture
         penetration and damage.

   119.   Pursuant to the agreement between Architectural Railing and Coastal,
implied warranties were provided by Architectural Railing to Coastal that the
railing and grouting materials provided by Architectural Railing would be
merchantable and fit for their particular purpose.  At the time of the contract,
Architectural Railing had reason to know the particular purpose for which the
railing and grouting materials were required and that Coastal was relying on
Architectural Railing for its skill and judgment in manufacturing and supplying
railing and grouting materials.

   120.   In the event that Coastal is liable to Plaintiff in any respect, which is
denied, then such liability arose from the acts of Architectural Railing and its
breach of these express and implied warranties with regard to Coastal, and
Coastal is entitled to be indemnified by Architectural Railing.

   WHEREFORE, Coastal demands judgment against Architectural Railing for
an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and
costs.

CV-04-297
JLL File No. 05-020-AMH
Page 31 of 36

## COUNT XXVI

## NEGLIGENCE - Architectural Railing Systems, Inc.

121. Coastal re-alleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

122. Architectural Railing negligently supplied and manufactured the railing and grouting materials in the Plaintiff's condominium units. The negligence of Architectural Railing is a proximate cause of the Plaintiff's damages. Architectural Railing was negligent in that:

> (a)  Architectural Railing failed to take proper precautions to ensure that the railing and grouting materials would not be penetrated by moisture;
>
> (b)  Architectural Railing failed to properly install the railing and grouting materials in the condominium units;
>
> (c)  Architectural Railing used railing and grouting materials that Architectural Railing knew or should have known was susceptible to moisture intrusion.

123. In the event that Coastal is liable to Plaintiff in any way, which is denied, then any liability on the part of Coastal was passive and secondary while the aforesaid negligence of Architectural Railing was active and primary and therefore, Coastal is entitled to indemnification from Architectural Railing.

WHEREFORE, Coastal demands judgment against Architectural Railing for

CV-04-297
JLL File No. 05-020-AMH
Page 32 of 36

an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and

costs.

### COUNT XXVII

### MISREPRESENTATION -Architectural Railing Systems, Inc.

124.  Coastal re-alleges, as if fully set forth herein, each and every

allegation contained in the preceding paragraphs of this Third Party Complaint.

125.  Architectural Railing made numerous representations including, but

not limited to, that the railing and grouting materials met all applicable codes and

standards and would not allow water intrusion.

126.  If the Plaintiff's allegations are true, the representations made by

Architectural Railing were untrue and were misrepresentations of material facts.

127.  Architectural Railing made these representations to induce Coastal

to act thereon and Coastal did, without knowledge of the falsity of Architectural

Railing representations, directly or indirectly, justifiably and reasonably acted

upon the misrepresentations to its injury.

128.  As a result of the misrepresentations of material facts by Architectural

Railing, Coastal,  to their detriment, agreed  to construct the Fourwinds

Condominium with railing and grouting materials supplied and manufactured by

Architectural Railing, which they would not have done had they been told the

truth.

129.  In the event that Coastal is liable to Plaintiff in any respect, which is

denied, then such liability arose from Architectural Railing's misrepresentations, and Coastal is entitled to be indemnified by Architectural Railing.

WHEREFORE, Coastal demands judgment against Architectural Railing for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

## COUNT XXVIII

### CONTRACTUAL INDEMNITY -All Third Party Defendants (except Arrow)

130. Coastal re-alleges, as is fully set forth herein, each and every allegation contained in the preceding paragraphs of this Third Party Complaint.

131. Coastal has been notified that certain work performed and/or the materials provided by Barnett Plastering, CPI, Metro Glass, Nichols, Architectural Railing and is allegedly defective and deficient.

132. The Plaintiff asserted a claim against Coastal stemming in whole or in part from the alleged, improper acts of the third party Defendants. The third parties named above are contractually obligated to defend and indemnify Coastal for said claims.

133. Defective or deficient work by the third parties constitutes a breach of the subcontract agreements. As a result, the third party Defendants should be required to indemnify Coastal for any damages recovered by the Plaintiff as a result of said third party Defendant's contractual default.

134. As a consequence, Coastal is entitled to recover from the third party

Defendants all damages which Coastal may pay to the Plaintiff, as well as all costs and attorney's fees, along with interest.

WHEREFORE, Coastal demands judgment against the third party Defendants for an amount equal to Plaintiff's judgment, if any, plus attorney's fees, interest and costs.

Respectfully submitted,

*Amy M. Hazelton*

JEFFREY I. LUTHER (LUT003)
DANNY J. COLLIER, JR.(COL100)
AMY M. HAZELTON (MAY034)
Attorneys for said Defendant, Coastal Builders, Inc.

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
(251) 433-8088

### CERTIFICATE OF SERVICE

I hereby certify that I have this _29th_ day of September, 2005, served a copy of the foregoing upon counsel to all parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid.

James Lynn Perry, Esquire
Daniell, Upton, Perry & Morris, P.C.
P.O. Box 1800
Daphne, AL 36526

CV-04-297
JLL File No. 05-020-AMH
Page 35 of 36

A. Danner Frazier, Jr, Esquire
William A. Mulherin, III, Esquire
FRAZIER, GREENE, UPCHURCH & BAKER, L.L.C.
Post Office Box 1686
Mobile, Alabama 36633-1686

C. William Daniels, Jr., Esquire
BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616

Rodney G. Barnett Plastering Company
5454 Government Blvd.
Mobile, Alabama 36693

Metropolitan Glass Company, Inc.
4415 Government Blvd.
Mobile, Alabama 36693-4822

Arrow Aluminum Industries, Inc.
Attn: Bill Blackwell
113 Neal Street
Martin, Tennessee 38237

CPI Coatings, Inc.
2911-B Mill Street
Mobile, Alabama 36607

Allsouth Subcontractors
11118 Hwy. 31
Spanish Fort, Alabama 36527

Nichols Concrete Equipment Co., Inc.
8104 North Hickory Street
Loxley, Alabama 36551

Architectural Railing Systems, Inc.
8041 Arrowridge Blvd.
Charlotte, North Carolina 28273

_Amy M. Hazelton_
OF COUNSEL

CV-04-297
JLL File No. 05-020-AMH
Page 36 of 36