**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| QBE INSURANCE CORPORATION, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION 07-0075-WS-M |
| | ) |
| METROPOLITAN GLASS | ) |
| COMPANY, INC., *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on plaintiff QBE Insurance Corporation's Motion for Judgment by Default (doc. 16).

**I.     Background.**

On January 30, 2007, plaintiff QBE filed a Complaint for Declaratory Judgment (doc. 1) against defendants Metropolitan Glass Company, Inc. ("Metropolitan") and Continental Casualty Company, d/b/a CNA ("Continental").  In summary, the Complaint sought a declaration that QBE owed no coverage to Metropolitan under a Commercial General Liability insurance policy issued by QBE to Metropolitan relative to certain claims brought against Metropolitan in a state-court lawsuit captioned *Fourwinds Condominiums Association, Inc. v. Fourwinds Association, LLC, et al.*, and pending in the Circuit Court of Baldwin County, Alabama.  The Complaint further sought a declaration that Continental was responsible for reimbursing QBE for defense costs it had incurred in the *Fourwinds* suit.[1]

The court file reflects that QBE perfected service of process on Metropolitan on February 7, 2007, via certified mail, with the return receipt signed by JoAnne Waltman on Metropolitan's behalf.  (Doc. 6.)  When Metropolitan failed to answer or otherwise respond to the Complaint

---

[1]     For its part, Continental filed an Answer and Affirmative Defenses (doc. 13) on March 14, 2007; therefore, this action will proceed as between QBE and Continental irrespective of the status of QBE's claims against Metropolitan.

within the 20-day time frame prescribed by Rule 12(a)(1), Fed.R.Civ.P., and upon application by plaintiff, the Clerk's Office entered a default against Metropolitan on March 14, 2007.  (Doc. 14.)  The Clerk's Office promptly mailed a copy of the Clerk's Entry of Default to Metropolitan at the address provided on the Summons, so as to place Metropolitan on notice of its precarious position in this litigation.  That same day, QBE filed a Motion for Judgment by Default (doc. 16) against Metropolitan, again serving a copy of such Motion on Metropolitan at its mailing address of record.  During the intervening two weeks, and notwithstanding this abundant warning that it was in jeopardy of having default judgment entered against it for failure to plead or otherwise defend, Metropolitan has failed to come forward in any form or fashion to appear in this action, to explain its default, or otherwise to offer any indication that it intends to participate in this lawsuit and defend against the claims brought by QBE.[2]  As such, the Court can only conclude that Metropolitan has no intention of participating in this action in any way, and that Metropolitan is prepared to accept the consequences of entry of default judgment against it herein.

## II.     Analysis.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against it for some seven weeks after being served, entry of default judgment may be

---

[2]     Such omissions by Metropolitan are not unique to this action.  Indeed, Metropolitan similarly failed to plead or otherwise defend in another declaratory judgment action in this District Court styled *QBE Insurance Corporation v. Metropolitan Glass Company, Inc.*, Civil No. 06-CV-0827-CG-M.  Chief Judge Granade entered default judgment against Metropolitan in the 06-0827 action on February 7, 2007.

appropriate.  Indeed, Rule 55 itself provides for entry of default and default judgment where a

defendant "has failed to plead or otherwise defend as provided by these rules."  Rule 55(a),

Fed.R.Civ.P.  In a variety of contexts, courts have entered default judgments against defendants

who have failed to defend the claims against them following proper service of process.  *See, e.g.,*

*In re Knight*, 833 F.2d 1515, 1516 (11ᵗʰ Cir. 1987) ("Where a party offers no good reason for the

late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of*

*Dierschke*, 975 F.2d 181, 184 (5ᵗʰ Cir. 1992) ("when the court finds an intentional failure of

responsive pleadings there need be no other finding" to justify default judgment); *Kidd v.*

*Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against

defendant who failed to answer or move against complaint for nearly three months); *Viveros v.*

*Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default

judgment against counterclaim defendant who had failed to answer or otherwise respond to

counterclaim within time provided by Rule 12(a)(2)).  In short, then, "[w]hile modern courts do

not favor default judgments, they are certainly appropriate when the adversary process has been

halted because of an essentially unresponsive party."  *Flynn v. Angelucci Bros. & Sons, Inc.*, 448

F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[3]

The law is clear, however, that Metropolitan's failure to appear and the Clerk's

subsequent entry of default against it do not automatically entitle QBE to a default judgment.

Indeed, a default is not "an absolute confession by the defendant of his liability and of the

---

[3]      To be sure, courts have generally required some notice to be given to a defendant
between the time of service of process and entry of default judgment.  *See, e.g., International*
*Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a
party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against
the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*,
205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had
failed to respond in any way to summons, complaint and motion for default judgment); *New York*
*State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp.
129, 131 (N.D.N.Y. 1995) (defendant that had failed to file answer to complaint or otherwise
defend was properly notified of motion for default judgment).  Here, Metropolitan has received
notice on at least two different occasions of the impending entry of default judgment against it,
as copies of both the Motion for Judgment by Default and the Clerk's Entry of Default have been
served on it by U.S. Mail.  Clearly, then, there are no notice issues implicated by the entry of
default judgment against Metropolitan at this time.

plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the Complaint confirms that it does indeed assert detailed facts against Metropolitan, and that such factual allegations are sufficiently specific to establish a genuine case or controversy and to state a cognizable claim against Metropolitan for declaratory relief. Moreover, the legal effect of Metropolitan's default is that it has now admitted the facts recited in the Complaint, which are sufficient to establish the propriety of entry of a declaratory judgment in QBE's favor.[4]  Moreover, because it has made no attempt to defend this action in the seven weeks since being served with process, despite notice that QBE was moving forward with default proceedings against it, Metropolitan's course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created.

### III.    Conclusion.

For all of the foregoing reasons, plaintiff QBE Insurance Corporation's Motion for Judgment by Default is **granted**.  Default Judgment will be entered against defendant Metropolitan Glass Company, Inc., in accordance with Rule 55(b)(2), Fed.R.Civ.P., and

---

[4]       The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted.  *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) (explaining that "when a default judgment has been entered, facts alleged in the complaint ... may not be contested by the defaulted party").

henceforth this action will proceed solely as between QBE and defendant Continental Casualty Company, d/b/a CNA.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying Default Judgment, to the defaulting defendant at the address where it received service of process, to-wit: Mr. Wayne Okzresik, Metropolitan Glass Co., Inc., P.O. Box 9952, Mobile, AL 36691.

DONE and ORDERED this 28th day of March, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE